### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| IN RE:   ) | |
| ) | Case No. 20-41493 |
| Machele L. Goetz,   ) | |
| ) | Chapter 7 |
| Debtor.   ) | |

### MEMORANDUM OPINION

The issue in this case has divided courts. The parties ask the court to determine whether the debtor or the chapter 7 estate receives the benefit of non-exempt equity that arises after the date the debtor commences a chapter 13 case but before the date the court converts the case to chapter 7. For the reasons explained below, the court joins the slight minority of courts holding that post-petition increases in non-exempt equity accrue for the benefit of the converted chapter 7 estate.

In this case, debtor Machele Goetz asks the court to compel the chapter 7 trustee to abandon the estate's interest in her residence, arguing the residence is "of inconsequential value and benefit to the estate" under 11 U.S.C. § 554 because Goetz had no non-exempt equity in the residence on the date she originally commenced her case under chapter 13 of the Bankruptcy Code. But because the court determines the residence's value to the now-converted chapter 7 estate includes significant post-petition non-exempt equity, the residence is of more than "inconsequential value and benefit to the estate" under § 554. Consequently, the court DENIES Goetz's motion to compel abandonment.

## JURISDICTION

The court has jurisdiction over this matter under 28 U.S.C. §§ 1334(b) and 157(a) and (b). This matter is a statutorily core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O) and is constitutionally core. No party has contested the court's jurisdiction or its authority to make a final determination. The court, therefore, has authority to hear this matter and make a final determination.

## BURDEN OF PROOF

As the party requesting abandonment, Goetz bears the burden of establishing that abandonment is appropriate. *Alexander v. Jensen-Carter (In re Alexander)*, 289 B.R. 711, 715 (B.A.P. 8th Cir. 2003), *aff'd,* 80 F. App'x 540 (8th Cir. 2003).

## BACKGROUND

The present dispute comes before the court on debtor Machele Goetz's motion to compel abandonment. The parties have stipulated to the relevant facts.

Goetz commenced this case by filing a chapter 13 bankruptcy petition in August 2020.[1] On the chapter 13 petition date, Goetz owned a residence worth $130,000, Freedom Mortgage held a $107,460.54 lien against the residence, and Goetz claimed a $15,000 homestead exemption in the residence.[2] The parties agree that the estate would have received nothing if the trustee had liquidated the residence on the chapter 13 petition date.[3]

---

[1] Stipulations of Fact Relating to Debtor's Mot. to Compel the Trustee to Abandon Real Property of the Debtor, ECF No. 115 ¶ 1.

[2] *Id.* ¶ 3.

[3] *Id.* ¶ 4.

2

The court granted Goetz's request to convert the case from chapter 13 to chapter 7 in April 2022. [4] It soon became clear that the chapter 7 trustee intended to market and sell Goetz's residence.[5] So approximately one month after conversion, Goetz filed the present motion to compel abandonment.[6] The court held a hearing on the motion to compel abandonment, the parties stipulated to the relevant facts, and the court took the matter under advisement.[7]

The parties agree that between the petition date and the conversion date, Goetz's residence increased in value by $75,000 and Goetz reduced Freedom Mortgage's claim by $960.54.[8] Goetz's homestead exemption remained $15,000.[9] Applying those values and factoring in costs of sale, the parties agree that if the trustee had liquidated the residence on the conversion date, the estate would have received more than $62,000 in proceeds, net of sale costs.[10]

Goetz now asks the court to compel abandonment, arguing the residence is of "inconsequential value and benefit to the estate" under 11 U.S.C. § 554 because the court must exclude from its consideration the increase in non-exempt equity that arose between the date Goetz filed her chapter 13 voluntary petition and the date the court converted her case to chapter 7. The chapter 7 trustee asks the court to deny

---

[4] *Id.* ¶ 5.

[5] Trustee's Objection to Motion for Relief from the Automatic Stay, ECF No. 93, May 20, 2022.

[6] ECF No. 98.

[7] ECF Nos. 116, 122.

[8] Stipulations of Fact, ECF No. 115 ¶ 6.

[9] *Id.*

[10] *Id.* ¶ 7.

3

Goetz' motion to compel abandonment, arguing the estate in the converted case includes Goetz's entire interest in the residence under 11 U.S.C. § 348(f) and the post-petition increase in non-exempt equity makes the residence valuable to the estate for purposes of the abandonment analysis under § 554.

Having explained the relevant background information, the court turns to the merits of the present dispute.

## DISCUSSION

Section 554(b) governs motions to compel abandonment. It empowers courts to "order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(b). At a minimum, property has more than "inconsequential value and benefit to the estate" under § 554(b) if profit from the disposition or use of the property would generate a meaningful distribution to unsecured creditors. *See, e.g.*, *In re Thornton*, 269 B.R. 682, 685 (Bankr. W.D. Mo. 2001) (determining potential 1.7% distribution to unsecured creditors was of inconsequential value under § 554)).

In this case, the parties agree that abandonment is appropriate under § 554 unless the post-petition equity in Goetz's residence became property of Goetz's converted chapter 7 estate. Thus, to decide the present motion to compel abandonment, the court must determine the extent of the chapter 7 estate's interest in Goetz's residence.

Bankruptcy Code § 348(f)(1)(A) describes the scope of property of the estate in a case converted from chapter 13 to chapter 7 in good faith. 11 U.S.C. § 348. Section

4

348(f)(1)(A) states, "property of the estate in the converted case shall consist of property of the estate, as of the date of filing of the petition, that remains in the possession of or is under the control of the debtor on the date of conversion." *Id.* Thus, under § 348(f)(1)(A), if the debtor owns an item of property on the chapter 13 petition date and retains it on the date of conversion to chapter 7, the property becomes part of the converted chapter 7 estate and may be subject to administration by the chapter 7 trustee. *Harris v. Viegelahn*, 575 U.S. 510, 517 (2015) ("§ 348(f) limits a converted Chapter 7 estate to property belonging to the debtor 'as of the date' the original Chapter 13 petition was filed."). But absent bad faith, property that the debtor acquires between the petition date and the conversion date does not become property of the converted chapter 7 estate. *See id.* at 517–18 (analyzing exclusion of post-petition wages from the estate); 11 U.S.C. § 348(f)(1)–(2).

Courts disagree about whether post-petition equity increases constitute "new" property that become property of a converted chapter 7 estate under § 348(f)(1)(A). *Compare Rodriguez v. Barrera (In re Barrera)*, BAP No. 30-003, 2020 WL 5869458, at *3–*5 (B.A.P. 10th Cir. Oct. 2, 2020) (discussing disagreement about whether post-petition appreciation is a separate interest in property), *aff'd on other grounds*, 22 F.4th 1217 (10th Cir. 2022), *with In re Goins*, 539 B.R. 510, 516 (Bankr. E.D. Va. 2015) ("The equity is inseparable from the real estate, which was always property of the estate under § 541(a)."). Some courts hold that § 348(f)(1)(A) gives the converted estate an interest in each specific item of property the debtor owned on the petition date and retained on the conversion date, such that each item of property enters the

5

converted estate with the characteristics it has on the conversion date, including any post-petition increases in non-exempt equity. *See, e.g., In re Castleman*, 631 B.R. 914, 921 (Bankr. W.D. Wash. 2021), *aff'd*, 2022 WL 2392058 (W.D. Wash. July 1, 2022) (holding post-petition appreciation inured to the chapter 7 estate). In contrast, the slight majority of courts hold that post-petition increases in non-exempt equity do not become property of the estate in a converted chapter 7 case because (1) the relevant language in § 348(f)(1)(A) is ambiguous, and (2) the legislative history of § 348(f)(1) suggests Congress intended to exclude post-petition increases in equity from the converted chapter 7 estate. *See, e.g., In re Cofer*, 625 B.R. 194, 199–202 (Bankr. D. Idaho 2021) (summarizing split in authority and concluding post-petition appreciation inured to the debtor's benefit).

In this case, the court determines the plain language of the Bankruptcy Code controls. Section 348(f)(1)(A) includes in the converted chapter 7 estate all "property of the estate" the debtor owned on the petition date and retains at conversion. 11 U.S.C. § 348(f)(1)(A). Section 541(a) broadly defines "property of the estate" to include "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). This broad definition captures the debtor's entire ownership interest in each asset that exists on the petition date without fixing the estate's interest to the precise characteristics the asset has on that date. *See Potter v. Drewes (In re Potter)*, 228 B.R. 422, 424 (B.A.P. 8th Cir. 1999) (concluding § 541 captures "the entire asset, including any changes in its value which might occur after the date of filing."). Thus, if the value (and, hence, equity) is one of

6

the "legal and equitable interests of the debtor in property" that comprise each item of property of the estate under § 541, then that value and any equity must become property of the converted estate as a part of the property § 348(f)(1)(A) includes in the converted chapter 7 estate.

Because equity is not a distinct item of property, §§ 348(f)(1) and 541(a)(1) include it in the converted estate. *See, e.g.*, *In re Hayes*, ECF No. 113, Ch. 7 Case No. 15-20727-MER, slip op. at 9–12 (Bankr. D. Colo. Mar. 28, 2019) (explaining that equity is an inseparable characteristic of property of the estate); *In re Adams*, 641 B.R. 147, 151 (Bankr. W.D. Mich. 2022) (concluding that treating equity as a separate asset "confuses the value of estate property with the legal or equitable interests in that property, as of the commencement of the case."). Black's law dictionary defines the term "equity," in relevant part, as, "the difference between the value of the property and all encumbrances on it." *Equity*, Black's Law Dictionary (11th ed. 2019). As this definition illustrates, equity is not a separate item of property; it exists only with reference to and as a characteristic of an underlying asset. *In re Goins*, 539 B.R. 510, 516 (Bankr. E.D. Va. 2015) ("equity is inseparable from the real estate"); *In re Larzelere*, 633 B.R. 677, 683 (Bankr. D.N.J. 2021) ("One cannot separately pledge, mortgage, hypothecate or liquidate appreciation. One can only mortgage the entire asset: the real estate."). Equity, therefore, is merely one "legal or equitable interest[] of the debtor" subsumed within each item of property that §§ 348(f)(1)(A) and 541(a)(1) make property of the converted estate. *In re Hayes*, slip op. at 11. As a result, equity cannot be a separate item of after-acquired property that the

7

Bankruptcy Code excludes from the converted estate under the plain language of those sections. *See, e.g.*, *Property of the estate*, 2 Norton Bankr. L. & Prac. 3d § 39:14 ("Since an increase in equity is inseparable from the real estate, the value of that asset[] should inure to benefit the Chapter 7 estate and not the debtor."); *In re Hayes*, slip op. at 9, 11 (concluding that post-petition equity is a "descriptive term" and is "inseparable from the real estate" that becomes property of the estate under § 541(a)(1)).

Supreme Court precedent supports the court's plain language approach. In *Crane v. Commissioner of Internal Rev.*, 331 U.S. 1, 6 (1947), the Supreme Court determined the term "property" did not "mean the same thing as 'equity'" for the purposes of calculating taxable gain under the Internal Revenue Code. The Supreme Court explained, "'property' is the physical thing which is a subject of ownership, or . . . the aggregate of the owner's rights to control and dispose of that thing." *Id.* In contrast, "'equity' is defined as 'the value of a property above the total of the liens.'" *Id.* at 7. "'Equity' is not given as a synonym [of 'property'], nor do either of the foregoing definitions suggest that it could be correctly so used." *Id.* Accordingly, the *Crane* Court calculated taxable gain using the value of debtor's total interest in a depreciated asset, rather than using the value of the debtor's equity in the asset. *Id.* at 14. The Supreme Court's analysis in *Crane* applies squarely to the court's determination of the scope of the term "property of the estate" under § 348(f)(1)(A). *See In re Hayes*, slip op. at 10–11 (analyzing *Crane*). Just as "equity" was not a separate item of property under the Internal Revenue Code in *Crane*, here, too, equity

8

is not a separate item of after-acquired property that § 348(f)(1)(A) excludes from the converted estate. *Id.*

The Eighth Circuit Bankruptcy Appellate Panel's decision in *Potter v. Drewes (In re Potter)*, 228 B.R. 422, 424 (B.A.P. 8th Cir. 1999), also supports the court's determination that post-petition equity is not after-acquired property excluded from the converted chapter 7 estate under § 348(f)(1)(A). In *Potter*, the debtor originally filed a chapter 13 case but subsequently converted to 7. *In re Potter*, 228 B.R. at 423. Years later, the debtor sought to limit the chapter 7 estate's interest in trust assets to the value of the assets on the chapter 13 petition date. *Id.* Relying entirely on § 541(a), the Bankruptcy Appellate Panel stated, "Nothing in Section 541 suggests that the estate's interest is anything less than the entire asset, including any changes in its value which might occur after the date of filing. . . . post-petition appreciation in the value of property accrues for the benefit of the trustee." *Id.* at 424. Applying that conclusion to this case, the court determines here that because the estate's interest in Goetz's residence includes its value, and hence any equity, the post-petition changes to the residence's equity accrue for the benefit of the chapter 7 estate.[11]

---

[11] The Eighth Circuit recently confirmed in *Waltrip v. Sawyers (In re Sawyers)*, 2 F.4th 1133, 1138 (8th Cir. 2021), that when evaluating a debtor's § 522(f) motion to avoid a judicial lien against her homestead, "the value of a debtor's homestead is determined based on the property's fair market value as of the petition date." We must recognize, however, that Congress expressly mandated the petition-date valuation for motions to avoid liens when it enacted § 522(a)(2) ("[i]n this section . . . 'value' means fair market value as of the date of the filing of the petition . . . ."). Section 522(a)(2)'s definition of value does not apply outside the context of § 522 to support Goetz's position that post-petition increases in equity should inure to the debtor's benefit in circumstances of conversion from chapter 13 to chapter 7. In this case, § 348 governs instead.

Finally, the court's conclusion in this case is consistent with § 348(f)(1)(B). Section 348(f)(1)(B) makes valuations in a chapter 13 case inapplicable when the case converts to chapter 7. 11 U.S.C. § 348(f)(1)(B). As this court explained in *In re Jackson*, No. 16-42695-DRD7, 2020 WL 536018, at *3 (Bankr. W.D. Mo. Feb. 3, 2020), "the underlying policy [of § 348(f)(1)(B)] is that the parties should be in the same position they would be in had the Debtor simply filed a chapter 7 on the date of conversion." By giving the converted estate the benefit of post-petition appreciation, the court's decision in this case likewise puts the parties in the position they would have been if the debtor had filed a chapter 7 case on the conversion date.

The court respectfully disagrees with the courts that have determined the legislative history of § 348(f)(1) compels a different result. *But see, e.g., In re Cofer*, 625 B.R. 194, 199–202 (Bankr. D. Idaho 2021) (summarizing split in authority and concluding post-petition appreciation inured to the benefit of the debtor). Where the plain language of the statutory text is clear, the court's inquiry must begin and end with the statutory text. *Connecticut Nat. Bank v. Germain*, 503 U.S. 249, 254 (1992). Here, the text of the bankruptcy code is clear: §§ 348(f)(1)(A) and 541(a)(1) make post-petition equity increases property of the converted chapter 7 estate. Consequently, the court's inquiry ends with the plain language of the Bankruptcy Code, and the court will not analyze whether the legislative history of § 348(f) might otherwise suggest a different result.

The court also disagrees with the debtor's contention that the court's approach "would have the court disregard" the punishment § 348(f)(2) imposes for bad faith

conversions. *But see* Debtor's Suppl. Br. in Supp. of Debtor's Mot. to Compel the Trustee to Abandon Real Property of the Debtor ¶ 18–19, ECF No. 119 (citing *In re Barrera*, No. BAP CO-20-003, 2020 WL 5869458, at *7 (B.A.P. 10th Cir. Oct. 2, 2020), *aff'd on other grounds*, 22 F.4th 1217 (10th Cir. 2022)). Section § 348(f)(2) states, "[i]f the debtor converts a case under chapter 13 . . . to a case under another chapter under this title in bad faith, the property of the estate in the converted case shall consist of the property of the estate as of the date of conversion." 11 U.S.C. § 348(f)(2). Because § 348(f)(1)(A) would otherwise entitle the debtor to property the debtor acquired between the petition date and the conversion date, § 348(f)(2) punishes debtors who convert in bad faith by instead including that after-acquired property in the converted estate. *Harris v. Viegelahn*, 575 U.S. 510, 517–18 (2015). Section 348(f)(2), however, does not affect the converted estate's interest in post-petition changes to the characteristics of property the debtor owned on the petition date. Likewise, because post-petition equity is a characteristic of that property rather than a new item of property, the court's determination that § 348(f)(1)(A) makes post-petition equity an asset of the converted chapter 7 estate does not affect the converted estate's interest in new property under § 348(f)(2). The court's decision, therefore, leaves unaffected the punishment § 348(f)(2) imposes for bad faith conversions.

In summary, despite the split in authority, the court's analysis in this case is simple. Goetz owned the residence on the original petition date and retained it on the conversion date. There can be no question about whether the residence is property of the converted chapter 7 estate—it is. And because the post-petition equity

11

in Goetz's residence is inseparable from the residence itself, the post-petition equity is also property of the chapter 7 estate.[12] As a result, the residence is of more than "inconsequential value and benefit to the estate" under 11 U.S.C. § 554. Abandonment is inappropriate in this case.

## CONCLUSION

For the reasons explained above, the court DENIES Goetz's motion to compel abandonment.

IT IS SO ORDERED.

Dated: 11/10/2022  /s/ Brian T. Fenimore
United States Bankruptcy Judge

---

[12] The court's analysis in this case applies only when a debtor converts a chapter 13 case to chapter 7. It has no bearing on the estate's interest in post-petition equity while a case remains in chapter 13, s*ee, e.g. In re Larzelere*, 633 B.R. 677 (Bankr. D.N.J. 2021) (discussing post-petition appreciation absent conversion), or other circumstances that might require a determination of value.